# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# PECOS DIVISION

| | | |
|---|---|---|
| **JASON BERNA GARMS,** § | | |
| **TDCJ #2156559,** § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | **PE:19-CV-00042-DC-DF** |
| § | | |
| **CESAR A. LOPEZ**, *et al.*, § | | |
| *Defendants*. § | | |

### REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

TO THE HONORABLE DAVID COUNTS, UNITED STATES DISTRICT JUDGE:

Before the Court is Defendants Cesar A. Lopez, Gerardo Miranda, Sandra W. Raines, and Raul Melero's (collectively, "Defendants") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (hereafter, "Motion to Dismiss"). (Doc. 19). This matter is before the U.S. Magistrate Judge for the Pecos Division through a Standing Order of Referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules. After due consideration, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED**. (Doc. 19). The undersigned further **RECOMMENDS** that Plaintiff's Motion for Discovery and Motion to Quash be **DENIED** as **MOOT**. (Docs. 20, 21).

### I. BACKGROUND

Plaintiff Jason Berna Garms (Plaintiff) filed the instant suit on July 30, 2019, pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff alleges that Defendants violated his constitutional rights by failing to follow Texas Department of Criminal Justice (TDCJ) procedure during disciplinary proceedings. (Docs. 6, 11, 13). On August 6, 2019, the Court ordered Plaintiff to file a More Definite Statement by September 6, 2019. (Docs. 3, 4). Plaintiff filed a Motion for Extension of Time to respond to the Order for More Definite Statement on September 4, 2019, which the Court granted on September 9, 2019. (Docs. 7, 8). Plaintiff then filed two responses to the Order for More Definite Statement on September 26 and 30, 2019. (Docs. 11, 13). Thereafter, the Court ordered service on the Defendants. (Doc. 14). Defendants filed the present Motion to Dismiss on November 22, 2019. (Doc. 19). Plaintiff responded to the Motion to

Dismiss on December 4, 2019. (Doc. 21). Defendants did not reply to Plaintiff's response. Accordingly, the Motion to Dismiss is ready for disposition.

## II. FACTS

Plaintiff filed a Step 1 Grievance on June 6, 2019 complaining of several incidents, including a delay in his case being run and alleged due process violations during a disciplinary action against him. (*See* Doc. 6–1). On or about May 5, 2019, Plaintiff alleges that he was placed in pre-hearing detention (PHD) and held there for longer than permitted by the TDCJ handbook. *Id*. at 1. According to Plaintiff, TDCJ policy requires PHD cases to be run "within 72 hours unless the warden provides a written statement" explaining why this procedure could not be complied with. *Id*. Plaintiff alleges that the case was not run for thirty days and that there was never a written statement from the warden explaining the delay. *Id*.

Plaintiff also complains about the unfavorable outcome of a disciplinary action taken against him resulting from an incident on May 5, 2019. *Id*. Plaintiff contends that he was not allowed to present witness testimony on his behalf at a disciplinary hearing against him, that he was not allowed to confront witnesses against him, and that he was not allowed to communicate with the counsel substitute, Defendant Raines, prior to the hearing. *Id.* In the Step 1 Grievance, Plaintiff requested Major Case #20190216413 against him to be overturned on procedural grounds. *Id*. Defendant Putnam responded to the Step 1 Grievance on June 15, 2019 indicating that "a review of [Plaintiff's case] did not identify any technical or processing errors to warrant overturning" the case. *Id*. at 2. Plaintiff then appealed his Step 1 Grievance with a Step 2 Grievance on June 20, 2019. (Doc. 6–1 at 11).  TDCJ dismissed the Step 2 Grievance on July 17, 2019 stating that "all due process requirements were satisfied, and the punishment assessed by the Disciplinary Hearing Officer (DHO) was within agency guidelines." *Id*.

## III. LEGAL STANDARD

When a defendant files a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the trial court must assess whether a complaint states a plausible claim for relief. *See Raj v. La. State Univ.*, 714 F.3d 322, 329–30 (5th Cir. 2013) (citing *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir.

2012)). The court must accept "all well-pleaded facts in the complaint as true and viewed in the light most favorable to the plaintiff." *See id*. (citing *Bass*, 669 F.3d at 506). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On the other hand, if the complaint only offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," dismissal is appropriate. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Gibson v. Tex. Dep't of Ins.*, 700 F.3d 227, 233 (5th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). The court should dismiss a complaint if the court can only infer the mere possibility of misconduct, or if the plaintiff has only alleged that he is entitled to relief rather than stating a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678–79 (quoting *Twombly*, 550 U.S. at 570).

## IV. ANALYSIS

a. *Motion to Dismiss*

Defendants assert four reasons that Plaintiff's claims should be dismissed: Plaintiff's claims are barred because § 1983 is an improper avenue to seek reversal of a disciplinary conviction; Plaintiff's claims are not cognizable under § 1983; Plaintiff's claims against Defendants in their official capacities should be dismissed for lack of jurisdiction; and Defendants are entitled to qualified immunity. (*See* Doc. 19). As explained further below, the undersigned agrees with Defendants that Plaintiff's claims are barred from resolution under § 1983. Therefore, the undersigned does not address Defendants' other reasons for dismissal.

In *Heck v. Humphrey*, the Supreme Court held that in a § 1983 suit, where judgment in favor of a plaintiff necessarily implies the invalidity of a conviction or sentence, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 487 (1994). A conviction or sentence is invalidated if it is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called

into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. Absent one of these circumstances, however, the validity of a conviction or sentence cannot be challenged via § 1983. In *Edwards v. Balisok*, the Supreme Court extended the principle of *Heck* to prison disciplinary proceedings where the administrative action taken against the plaintiff resulted in the deprivation of good-time credits. (*see* 520 U.S. 641 (1997)).

After a review of all the documents submitted in this case, the Court concludes that Plaintiff's claims are not cognizable under 42 U.S.C. §1983. Plaintiff seeks case #20190216413 against him overturned due to perceived procedural due process violations allegedly experienced during a prison disciplinary proceeding. (*See* Docs. 6, 11, 13, 16, 21). However, as noted by Defendants, Plaintiff "does not contend that these violations were reversed, invalidated, or expunged by a state tribunal authorized to make such determinations." (Doc. 19 at 3). Plaintiff's claim is therefore barred because his action invokes a determination of the validity of his conviction, which has not been overturned, and thus is not cognizable under § 1983. The undersigned agrees with Defendants that "if Plaintiff seeks to challenge the validity of his convictions, he should do so through an appropriate legal vehicle, such as . . . a writ of *habeas corpus* under 28 U.S.C. § 2254." *Id*. at 4. Accordingly, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED** and Plaintiff's Complaint against Defendants be **DISMISSED WITH PREJUDICE** for failure to state a claim. (Doc. 19).

   b. *Three Strikes*

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act ("PLRA"), including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). The purpose of the three strikes rule is to discourage inmates from filing frivolous lawsuits. *Banos*, 144 F.3d at 884. Prisoners may continue to file lawsuits, but they must prepay the failing fee. The three strikes rule provides an exception

permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. *Id.*

As Plaintiff's current case is dismissed for failure to state a claim, the undersigned **RECOMMENDS** that it count as a **FIRST STRIKE** pursuant to 28 U.S.C. §1915(g) and should the District Judge adopt this Report and Recommendation, that a copy of the order be sent to **THE THREE STRIKES LIST**.

Title 28 U.S.C. §1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is warned that under this section Plaintiff will no longer be allowed to proceed *in forma pauperis* in civil rights actions once he accumulates three strikes unless he is under imminent danger of serious physical injury. A prisoner who has sustained three dismissals qualifying under the "three strikes" provision may still pursue any claim, "but he or she must do so without the aid of the *i.f.p.* procedures." *See Adepegba,* 103 F.3d at 387–88.

## V. CONCLUSION

For the foregoing reasons, the undersigned U.S. Magistrate Judge **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** and Plaintiff's Complaint against Defendants be **DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**. (Doc. 19).

It is further **RECOMMENDED** that Plaintiff's Motion for Discovery and Motion to Quash be **DENIED** as **MOOT**. (Docs. 20, 21).

### INSTRUCTIONS FOR SERVICE AND RIGHT TO APPEAL/OBJECT

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such

party a copy of this Report and Recommendation **by certified mail, return receipt requested**. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

It is so **ORDERED**.

SIGNED this 14th day of January, 2020.

DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE